```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT


UNITED STATES OF AMERICA    *
                            *
            V               *
                            *
JED RUHL                    * CRIMINAL FILE NO. 19-66
```

                   VIOLATION OF CONDITIONS OF RELEASE
                        Monday, March 15, 2021
                          Burlington, Vermont

BEFORE:

        THE HONORABLE WILLIAM K. SESSIONS III
           Senior District Judge

APPEARANCES:

        JOSEPH R. PERELLA, ESQ., Assistant United States
           Attorney, Federal Building, Burlington, Vermont;
           Attorney for the United States

        MICHELLE ANDERSON BARTH, ESQ., Law Office of
           Michelle Anderson Barth, P.O. Box 4240,
           Burlington, Vermont; Attorney for the Defendant


                        ANNE NICHOLS PIERCE
        United States District Court Reporter (ret'd.)
              *fortherecordinvermont@gmail.com*

1     MONDAY, MARCH 15, 2021

2     (The following was held in open court at 10:10 a.m.)

3               THE COURT:  Good morning.

4               COURTROOM DEPUTY:  Your Honor, this is

5     criminal number 19-66, defendant number one, United

6     States of America versus Jed Ruhl.  The government is

7     present through Assistant United States Attorney Joseph

8     Perella.  The defendant is present with his attorney,

9     Michelle Anderson Barth.

10         The matter before the Court is a violation of

11    conditions of release.

12              THE COURT:  All right.  Mr. Ruhl, you reported

13    as required.

14              THE DEFENDANT:  Yes, I did, your Honor.

15              THE COURT:  And is it going to be different?

16              THE DEFENDANT:  Yes.  Yep, absolutely.  I will

17    make -- make drug court my first priority instead of an

18    afterthought.

19              THE COURT:  And the UAs you have to make a

20    priority.

21              THE DEFENDANT:  I will.

22              THE COURT:  You know, I thought quite a bit

23    about the hearing, and, you know, let me tell you just

24    my observation:  My observation is that you are a very

25    smart person and very intelligent.  And that in some

1    ways, when you make an argument to me, I am persuaded

2    by, frankly, your eloquence and -- your eloquence and

3    your insight, but there's a part of what you say in

4    court to me and to others which really sort of is

5    intended to speak to what you think the hearer wants to

6    hear.  And in some respects, you know, I interpret what

7    you say is you figuring out this is what I want to hear,

8    and then I thought that's something oftentimes judges

9    recognize.

10          I'm sure defense lawyers never understood that

11   judges look at that, but we do, and, you know, I just

12   have a sense that sometimes you just say, Well, this is

13   what -- this is what the judge is going to want to hear,

14   this is what the probation officers may want to hear,

15   et cetera.  And you should know that my assessment is

16   that sometimes you speak in those kinds of words:  This

17   is what the person wants to hear, and this is what I'm

18   going to have to say to get to my next step.

19          And I think that's over, you know, frankly.  You

20   are really going to have to comply here with -- and, you

21   know, what you have to say is not going to be as

22   important as it was before.  It's really going to

23   require you to follow everything.  And, I don't know, I

24   was thinking, ordinarily what happens in your particular

25   case is that you will get in trouble, you will let slide

1    your obligations, and then you will be disciplined, and

2    then you will do well for a while, and then it begins to

3    slide again.  I don't know why that is, but it seems to

4    be the case.

5         So I'm going to order that -- that probation uses a

6    sweat patch occasionally, just intermittently, so you

7    are not going to know when the sweat patch is going to

8    be used, but it will be used.  The conditions are as

9    they have been in the past.

10        The interesting thing about your case is that

11   everybody is rooting for you, right?  Everybody really

12   wants to get Jed to the finish line, right?  Because

13   they have seen progress that you have made.

14        You know, Michelle was very eloquent in your

15   defense describing all the progress that you have made,

16   and nobody wants to throw that away.  But then on the

17   other hand, you know, we cannot tolerate pretty

18   consistent, flagrant violations of the rules.  Right?

19   You can't -- you just cannot ignore those, and so

20   everyone seems to be extraordinarily frustrated, and

21   perhaps you can put me at the top of that list, so much

22   so this never happened before, but so much so that I

23   think it would not be fair to you that I be the

24   sentencing judge if you failed because I would be

25   reacting viscerally to all the violations and not

1    sentencing you necessarily on what you did, and that's

2    not fair to you.  So anyway, that was -- that's why I

3    said what I said.

4         Again, everyone wants to make you be successful.

5    Seems like you are the only person who doesn't, and I

6    just hopes that changes really.

7         All right.  So are there any members of the team

8    who would like to make -- comment upon my reflection?

9              MR. PERELLA:  Your Honor, from the government:

10   The government totally concurs with your comments.  I

11   only add, more specifically, the dishonesty I think is

12   the -- one of the primary sources of frustration for the

13   team.

14        Before your Honor took the bench, I spoke to Jed

15   and Michelle about it a little bit.  I was hoping he

16   would address the issue of dishonesty with you a bit

17   because, and we explained to him, the drug court team

18   can't help him unless he is being honest with us.  But

19   thank you.

20             MS. BARTH:  Jed is prepared to -- to say a few

21   words.

22             THE COURT:  Okay.  All right?

23             THE DEFENDANT:  I won't let that happen again.

24   There won't be any problems, but if there was, I would

25   be completely honest from the start.  So I'm very

1    regretful, and I'm sorry for being dishonest.

2             THE COURT:  Okay.  All right.  So we start

3    again, and next drug court is not this Thursday.  It's

4    the following Thursday.  It's by zoom.  And, you know,

5    we will see you then.

6         So as of -- he does not get any credit for the

7    previous two weeks.  He begins getting credit as of the

8    date of the last drug court.

9         Theoretically, if you are successful from now until

10   court, you get credit for the full 13 days.

11            PROBATION OFFICER SHAWNA LAPPIERE:  Your,

12   Honor, usually if there's a use, the person gets sent

13   back to the beginning of the phase.  Is that your

14   intention?

15            THE COURT:  What is the -- tell me how many

16   days that is.

17            PROBATION OFFICER LAPIERRE:  Well, it's almost

18   a whole phase.  He was at the end of Phase III, and so

19   he had been having use in the middle of Phase III, so he

20   would be sent back to the beginning of Phase III.  He

21   had been at -- he had earned 77 days.

22            THE COURT:  Yeah, I don't want to take him

23   back to Phase III, the beginning of Phase III.

24            PROBATION OFFICER LAPIERRE:  Okay.

25            THE COURT:  This was in January, this test.  I

1    mean, obviously if there were more positive tests, it

2    would be a totally different situation.  I just think we

3    leave it at whatever he earned up to the last drug

4    court, not getting credit for the two weeks previous to

5    that, and then move on from there.  I don't want to go

6    back at this point.

7              PROBATION OFFICER LAPIERRE:  Okay.  Thank you

8    for that clarification.

9              THE COURT:  Okay?  Anything else?

10             MS. BARTH:  No, your Honor.  Thank you.

11             THE COURT:  All right.  We'll hopefully not

12   see you in this kind of situation again.

13             THE DEFENDANT:  All right.

14             THE COURT:  Okay?  Thanks.

15             (Court was in recess at 10:20 a.m.)

16                      *** ** ***

17

18

19                 C E R T I F I C A T I O N

20      I certify that the foregoing is a correct
     transcript from the record of proceedings in the
21   above-entitled matter.

22

23   April 12, 2022              _____
     Date                        Anne Nichols Pierce

24

25